John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444

*Attorneys for Plaintiff*
*AstraZeneca AB*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA AB, )<br><br>Plaintiff, )<br><br>v. )<br><br>ZYDUS PHARMACEUTICALS (USA) )<br>INC., )<br><br>Defendant. ) | Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AstraZeneca AB ("AstraZeneca"), by way of Complaint against Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against defendant Zydus.  This action relates to Abbreviated New Drug Application ("ANDA") No. 211582 filed by Zydus with the U.S. Food and Drug Administration ("FDA") for approval to market 5 mg and 10 mg dapagliflozin tablets,

generic versions of AstraZeneca's FARXIGA® drug product (the "ANDA Products"), prior to expiration of U.S. Patent Nos. 6,414,126 ("the '126 patent") and 6,515,117 ("the '117 patent").

## PARTIES

2.     Plaintiff AstraZeneca is a company operating and existing under the laws of Sweden, with its principal place of business at S-151 85 Södertälje, Sweden.

3.     Plaintiff's subsidiary, AstraZeneca Pharmaceuticals LP, is a limited partnership operating and existing under the laws of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

4.     AstraZeneca is engaged in the business of creating, developing, and bringing to market revolutionary biopharmaceutical products to help patients prevail against serious diseases, including treatments for type 2 diabetes.  Through its subsidiary, AstraZeneca Pharmaceuticals LP, AstraZeneca markets and sells FARXIGA® in this judicial district and throughout the United States.

5.     Upon information and belief, Zydus is a corporation organized under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

6.     Upon information and belief, Zydus is a generic pharmaceutical company that develops, manufactures, markets and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2

8. Upon information and belief, venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), and § 1400(b) because Zydus is incorporated in New Jersey.

9. Upon information and belief, this Court has personal jurisdiction over Zydus because Zydus is incorporated in New Jersey.

10. Upon information and belief, Zydus has been, and continues to be, the prime actor in the drafting, submission, approval and maintenance of ANDA No. 211582.

11. For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Zydus.

## FIRST COUNT FOR PATENT INFRINGEMENT ('126 PATENT)

12. AstraZeneca realleges, and incorporates in full herein, each preceding paragraph.

13. The U.S. Patent and Trademark Office ("PTO") issued the '126 patent on July 2, 2002, entitled "C-Aryl Glucoside SGLT2 Inhibitors and Method." The '126 patent identifies Bruce Ellsworth, William N. Washburn, Philip M. Sher, Gang Wu, and Wei Meng as inventors of the claimed subject matter. A true and correct copy of the '126 patent is attached hereto as **Exhibit A**.

14. AstraZeneca is the owner of the '126 patent by virtue of assignment and has the right to enforce it.

15. The '126 patent expires on October 4, 2020, excluding any pediatric exclusivity or patent term extension.

16. The '126 patent is directed to and claims, *inter alia*, compounds and methods for treating diabetes and related diseases.

17.     The '126 patent is listed in Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") for New Drug Application ("NDA") No. 202293 for dapagliflozin propanediol tablets.

18.     The FDA approved NDA No. 202293 on January 8, 2014, as an adjunct to diet and exercise to improve glycemic control in adults with type 2 diabetes mellitus.

19.     AstraZeneca markets dapagliflozin propanediol tablets in the United States, through its Delaware subsidiary AstraZeneca Pharmaceuticals LP, under the trademark FARXIGA®.

20.     Upon information and belief, Zydus submitted ANDA No. 211582 to the FDA under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking approval to manufacture, use, import, offer to sell and sell Zydus's ANDA Products in the United States.

21.     By filing ANDA No. 211582, Zydus has necessarily represented to the FDA that Zydus's ANDA Products have the same active ingredient as FARXIGA®, has the same dosage form and strength as FARXIGA®, and is bioequivalent to FARXIGA®.

22.     Upon information and belief, Zydus is seeking approval to market Zydus's ANDA Products for the same approved indications as FARXIGA®.

23.     AstraZeneca received a letter from Zydus dated March 20, 2018 ("the Notice Letter"), purporting to include a Notice of Certification for ANDA No. 211582 under 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95(c) as to the '126 patent.

24.     Zydus thus has actual knowledge of the '126 patent.

25.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim including at least claim 1 of the '126 patent by submitting, or causing to be submitted, to the FDA, ANDA No. 211582 seeking approval to manufacture, use, import,

offer to sell or sell Zydus's ANDA Products before the expiration date of the '126 patent. Upon information and belief, the products described in ANDA No. 211582 would infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '126 patent under 35 U.S.C. § 271(e)(2)(A).

26.     Upon information and belief, Zydus's ANDA Products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 and/or claim 26 of the '126 patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

27.     Upon information and belief, Zydus will manufacture, market, import, use, sell and/or offer to sell Zydus's ANDA Products in the United States in connection with ANDA No. 211582 upon approval.

28.     Upon information and belief, physicians and /or patients will directly infringe at least one claim including at least claim 1 and/or claim 26 of the '126 patent by the use of Zydus's ANDA Products upon approval.

29.     Upon information and belief, upon approval, Zydus will take active steps to encourage the use of Zydus's ANDA Products by physicians and/or patients with the knowledge and intent that Zydus's ANDA Products will be used by physicians and/or patients, in a manner that infringes at least one claim including at least claim 26 of the '126 patent for the pecuniary benefit of Zydus. Pursuant to 21 C.F.R. § 314.94, Zydus is required to copy the FDA-approved FARXIGA® labeling. Upon information and belief, Zydus will thus induce infringement of at least one claim including at least claim 26 of the '126 patent.

30.     On information and belief, if the FDA approves ANDA No. 211582, Zydus will sell or offer to sell Zydus's ANDA Products specifically labeled for use in practicing at least one

5

claim including at least claim 26 of the '126 patent, wherein Zydus's ANDA Products are a material part of the claimed invention, wherein Zydus knows that physicians will prescribe and patients will use Zydus's ANDA Products in accordance with the instructions and/or label provided by Zydus in practicing at least one claim including at least claim 26 of the '126 patent, and wherein dapagliflozin tablets are not staple articles or commodities of commerce suitable for substantial non-infringing use. Upon information and belief, Zydus will thus contribute to the infringement of at least one claim including at least claim 26 of the '126 patent.

31.    Upon information and belief, Zydus's actions relating to Zydus's ANDA No. 211582 complained of herein were done by and for the benefit of Zydus.

32.    If Zydus's marketing and sale of Zydus's ANDA Products prior to expiration of the '126 patent and all other relevant activities are not enjoined, AstraZeneca will suffer substantial and irreparable harm for which there is no adequate remedy at law.

33.    This Complaint is being filed before the expiration of the forty-five days from the date AstraZeneca received the Notice Letter.

## SECOND COUNT FOR PATENT INFRINGEMENT ('117 PATENT)

34.    AstraZeneca realleges, and incorporates in full herein, each preceding paragraph.

35.    The PTO issued the '117 patent on February 4, 2003, entitled "C-Aryl Glucoside SGLT2 Inhibitors and Method." The '117 patent identifies Bruce Ellsworth, William N. Washburn, and Wei Meng as inventors of the claimed subject matter. A true and correct copy of the '117 patent is attached hereto as **Exhibit B**.

36.    AstraZeneca is the owner of the '117 patent by virtue of assignment and has the right to enforce it.

37.    The '117 patent expires on October 4, 2020, excluding any pediatric exclusivity or patent term extension.

6

38.    The '117 patent is directed to and claims, *inter alia*, compounds and methods for treating diabetes and related diseases.

39.    The '117 patent is listed in the Orange Book for NDA No. 202293 for dapagliflozin propanediol tablets.

40.    The Notice Letter dated March 20, 2018 purported to include a Notice of Certification for ANDA No. 211582 under 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95(c) as to the '117 patent.

41.    Zydus thus has actual knowledge of the '117 patent.

42.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Zydus has infringed at least one claim including at least claim 1 of the '117 patent by submitting, or causing to be submitted, to the FDA, ANDA No. 211582 seeking approval to manufacture, use, import, offer to sell or sell Zydus's ANDA Products before the expiration date of the '117 patent. Upon information and belief, the products described in ANDA No. 211582 would infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 of the '117 patent under 35 U.S.C. § 271(e)(2)(A).

43.    Upon information and belief, Zydus's ANDA Products, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim including at least claim 1 and/or claim 14 of the '117 patent under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

44.    Upon information and belief, physicians and /or patients will directly infringe at least one claim including at least claim 1 and/or claim 14 of the '117 patent by the use of Zydus's ANDA Products upon approval.

45.    Upon information and belief, upon approval, Zydus will take active steps to encourage the use of Zydus's ANDA Products by physicians and/or patients with the knowledge and intent that Zydus's ANDA Products will be used by physicians and/or patients, in a manner that infringes at least one claim including at least claim 14 of the '117 patent for the pecuniary benefit of Zydus.  Pursuant to 21 C.F.R. § 314.94, Zydus is required to copy the FDA-approved FARXIGA® labeling.  Upon information and belief, Zydus will thus induce infringement of at least one claim including at least claim 14 of the '117 patent.

46.    On information and belief, if the FDA approves ANDA No. 211582, Zydus will sell or offer to sell Zydus's ANDA Products specifically labeled for use in practicing at least one claim including at least claim 14 of the '117 patent, wherein Zydus's ANDA Products are a material part of the claimed invention, wherein Zydus knows that physicians will prescribe and patients will use Zydus's ANDA Products in accordance with the instructions and/or label provided by Zydus in practicing at least one claim including at least claim 14 of the '117 patent, and wherein dapagliflozin tablets are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Upon information and belief, Zydus will thus contribute to the infringement of at least one claim including at least claim 14 of the '117 patent.

47.    If Zydus's marketing and sale of Zydus's ANDA Products prior to expiration of the '117 patent and all other relevant activities are not enjoined, AstraZeneca will suffer substantial and irreparable harm for which there is no adequate remedy at law.

<b><u>REQUEST FOR RELIEF</u></b>

**WHEREFORE**, AstraZeneca respectfully requests that the Court enter judgment in its favor and against Defendant Zydus on the patent infringement claims set forth above and respectfully requests that this Court:

8

1.      enter a judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed one or more claims of the '126 patent through Zydus's submission of ANDA No. 211582 to the FDA to obtain approval to manufacture, use, import, offer to sell and sell Zydus's ANDA Products in the United States before the expiration of the '126 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled;

2.      enter a judgment under 35 U.S.C. § 271(a), (b), and/or (c) that Zydus's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Zydus's ANDA Products prior to the expiration of the '126 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, constitutes infringement of one or more claims of said patent under 35 U.S.C. § 271 (a), (b), and/or (c);

3.      order that the effective date of any approval by the FDA of Zydus's ANDA Products be a date that is not earlier than the expiration date of the '126 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, or such later date as the Court may determine;

4.      enjoin Zydus, and all persons acting in concert with Zydus, from the manufacture, use, import, offer for sale and sale of Zydus's ANDA Products until the expiration of the '126 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, or such later date as the Court may determine;

5.      enjoin Zydus, and all persons acting in concert with Zydus, from seeking, obtaining or maintaining approval of Zydus's ANDA No. 211582 until the expiration of the '126 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, or such later date as the Court may determine;

9

6.     award damages or other monetary relief to AstraZeneca if Zydus engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Zydus's ANDA Products prior to the latest expiration date of the '126 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled;

7.     enter a judgment under 35 U.S.C. § 271(e)(2)(A) that Zydus has infringed one or more claims of the '117 patent through Zydus's submission of ANDA No. 211582 to the FDA to obtain approval to manufacture, use, import, offer to sell and sell Zydus's ANDA Products in the United States before the expiration of the '117 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled;

8.     enter a judgment under 35 U.S.C. § 271(a), (b), and/or (c) that Zydus's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Zydus's ANDA Products prior to the expiration of the '117 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, constitutes infringement of one or more claims of said patent under 35 U.S.C. § 271(a), (b), and/or (c);

9.     order that the effective date of any approval by the FDA of Zydus's ANDA Products be a date that is not earlier than the expiration date of the '117 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, or such later date as the Court may determine;

10.     enjoin Zydus, and all persons acting in concert with Zydus, from the manufacture, use, import, offer for sale and sale of Zydus's ANDA Products until the expiration of the '117 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, or such later date as the Court may determine;

10

11.    enjoin Zydus, and all persons acting in concert with Zydus, from seeking, obtaining or maintaining approval of Zydus's ANDA No. 211582 until the expiration of the '117 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled, or such later date as the Court may determine;

12.    award damages or other monetary relief to AstraZeneca if Zydus engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Zydus's ANDA Products prior to the latest expiration date of the '117 patent, including any extensions and/or additional periods of exclusivity to which AstraZeneca is or becomes entitled;

13.    declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award AstraZeneca costs, expenses and disbursements in this action, including reasonable attorney fees; and

14.    award such further and other relief as this Court deems proper and just.


Respectfully submitted,


s/ John E. Flaherty
John E. Flaherty
Ravin R. Patel
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff*
*AstraZeneca AB*

Dated:  May 3, 2018

*Of Counsel:*

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)

Jill K. MacAlpine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
(202) 408-4400 (fax)

John D. Livingstone
M. David Weingarten
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
(404) 653-6400
(202) 408-4400 (fax)

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that certain of the patents-in-suit in

the above captioned action are the subject of the following action in the District of Delaware:

- *AstraZeneca AB v. Zydus Pharmaceuticals (USA) Inc.*,
  Civil Action No. 1:18-cv-00664 (D. Del.) (Filed May 1, 2018).

                                        Respectfully submitted,

                                        s/John E. Flaherty
                                        John E. Flaherty
                                        Ravin R. Patel
                                        MCCARTER & ENGLISH, LLP
                                        Four Gateway Center
                                        100 Mulberry Street
                                        Newark, New Jersey 07102
                                        (973) 622-4444

                                        *Attorneys for Plaintiff*
                                        *AstraZeneca AB*

Dated:  May 3, 2018

*Of Counsel:*

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)

Jill K. MacAlpine
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
(202) 408-4400 (fax)

John D. Livingstone
M. David Weingarten

13

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
(404) 653-6400
(202) 408-4400 (fax)

14